This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38664**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**JESSICA N.,**

       Respondent-Appellant,

and

**HILARIO N.,**

       Respondent,

**IN THE MATTER OF
TIMOTHY N.,**

       Child.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Kea W. Riggs, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

JulieAnne Hufstedler Leonard, P.C.
JulieAnne Hufstedler Leonard
Capitan, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Respondent Jessica N. (Mother) appeals from the district court's judgment terminating her parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother maintains that the district court's determination that the causes and conditions of neglect were unlikely to be alleviated in the foreseeable future is not supported by substantial evidence. [MIO 9] Mother has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Mother's only argument is that there was evidence presented demonstrating that Mother complied with her treatment plan for periods of time. [MIO 11-12] However, we remind Mother that we do not reweigh the evidence on appeal. *See State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674. We therefore refer Mother to the analysis in our notice of proposed disposition.

**{3}** To the extent that Mother argues that assignment to the general calendar is required in order "to adequately review her performance under the treatment plan[,]" and "fully weigh the evidence [to] determine if termination was warranted[,]" we note that reassignment to a non-summary calendar is not required where it "would serve no purpose other than to allow appellate counsel to pick through the record" for possible error. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479. We decline to place Mother's case on the general calendar when the sole argument made in support thereof merely asks us to reweigh the evidence contrary to our standard of review. *See Amanda H.*, 2007-NMCA-029, ¶ 19.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm the district court's order terminating Mother's parental rights to Child.

**{5}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**